IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JODI SINCLAIR<br>3359 Carroll Court<br>Bensalem, PA 19020<br><br>    Plaintiff,<br><br>v.<br><br>INNOVAGE PENNSYLVANIA LIFE LLC<br>8950 Lowry BLVD<br>Denver, CO 80230 | CIVIL ACTION<br><br>No.: _____<br><br><br><br>JURY TRIAL DEMANDED |

## CIVIL ACTION COMPLAINT

Jodi Sinclair (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) by and through her undersigned counsel, hereby avers as follows:

### INTRODUCTION

1. Plaintiff has initiated this action to redress violations by Innovage Pennsylvania Life LLC (*hereinafter* referred to as "Defendant") of Title VII of the Civil Rights Act of 1964 ("Title VII" – 42 U.S.C. §§ 200(d) *et. seq*), the Age Discrimination in Employment Act ("ADEA" – 29 U.S.C. §§ 621 *et seq*.) and the Pennsylvania Human Relations Act ("PHRA").[1] As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff intends to amend her complaint to include claims under the PHRA once her administrative remedies are fully exhausted with the Pennsylvania Human Relations Commission ("PHRC"). These claims will mirror her Title VII and ADEA claims.

## JURISDICTION AND VENUE

2.This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws.

3.This Court may properly assert personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

4.Pursuant to 28 U.S.C. § 1391(b)(1) an (b)(2), venue is properly laid in this district because Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

5.Plaintiff is proceeding herein (in part) under Title VII and the ADEA after properly exhausting all administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety ("90") days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

## PARTIES

6.The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7.Plaintiff is an adult individual with an address as set forth in the caption.

8.Innovage Pennsylvania Life LLC is a Headquartered in Denver, Colorado. Defendant provides all-inclusive care for the elderly as an alternative to nursing facilities by

providing services that include customized healthcare and social support at Defendant's facilities located in Colorado, California, New Mexico, Pennsylvania, and Virginia. Defendant employs in total approximately 2,000 employees and serves approximately 6,500 seniors. Plaintiff was at all times based out of Defendant's Philadelphia location.

9. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the Defendant.

## FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff is a 50-year-old female.

12. Plaintiff was employed by Defendant at Defendant's Philadelphia, Pennsylvania location from approximately September of 2019 until her unlawful termination on July 24, 2020.

13. Plaintiff was at all times employed by Defendant as a Business Development Navigator (a representative for enrollment obtaining getting referrals for the life Program – a benefits program for people 55 and older).

14. During her employment with Defendant, Plaintiff was good employee and performed her job well.

15. At the time of the relevant events in question, Plaintiff was primarily supervised by Brian Fiorvanti (*hereinafter* "Fiorvanti").

16. Throughout Plaintiff's employment with Defendant, Defendant's all male management and male co-workers subjected Plaintiff to discrimination and derogatory comments because of Plaintiff's gender and treated Plaintiff less favorably than her male counterparts.

17. For example, but not intended to be an exhaustive list: (1) Defendant's management and a male co-worker, Al Romanelli (*hereinafter* "Romanelli"), treated Plaintiff in a condescending and derogatory way, regularly speaking down to Plaintiff and other female co-workers and clients (2) Romanelli would regularly call Plaintiff and other female co-workers and clients "honey," "sweetheart," and "girl" in an extremely demeaning way; (3) Romanelli would routinely steal Plaintiff's referrals, which was condoned by male management, preventing Plaintiff from reaching goals, and opening Plaintiff up to discipline and placement on a PIP; (4) female employees were disciplined or counseled for minor things, while Romanelli and other male employees were never counseled or disciplined – despite multiple complaints from referrals sources regarding Romanelli blatantly sexist and inappropriate behavior; and (5) unlike male employees, Defendant's all male management overly scrutinized and criticized Plaintiff's work and that of other females.

18. As a result of this conduct, Plaintiff reasonably felt offended and that she was being discriminated against based on her sex.

19. In addition to the harassment and discrimination Plaintiff was subjected to based on her sex, Plaintiff was also subjected to discrimination and disparate treatment because of her age. For example, younger employees who performed worse than Plaintiff and who never met their referral goals, were never disciplined or placed on PIPs. Moreover, those same low-performing, younger employees still work for Defendant.

20. Additionally, Plaintiff was subjected to discriminatory, age-related statements during her employment with Defendant. For example, on several occasions, Romanelli made derogatory comments based on Plaintiff's age and indicated that Plaintiff should just quit due to

4

her age, stating with "all of your years of experience" and "at your age, you should know a lot of people, so it shouldn't be hard for you to find another job."

21. As a result of the discrimination and harassment Plaintiff was subjected to based on her sex, Plaintiff complained to Defendant's management and HR, including but not limited to Fiorvanti on several occasions leading up to her termination.

22. In her complaints, Plaintiff specifically identified that she believed that she was being treated differently than her male counterparts, and that Romanelli treated her in a chauvinistic and offensive manner. Plaintiff also reported that at least two female referral sources that requested that Romanelli not be their contact anymore because he was very condescending, and at least one felt very uncomfortable by his inappropriate comments.

23. Upon information and belief, Plaintiff was not the first person to raise concerns about Romanelli's treatment towards women as there are believed to be multiple other female employees and referral sources who have raised similar concerns to Defendant's management about Romanelli.

24. Defendant failed to address Plaintiff's complaints in any meaningful way and, upon information and belief, Romanelli was not disciplined or counseled for his conduct.

25. Instead of addressing Plaintiff's concerns, Fiorvanti and other members of male management placed Plaintiff on a corrective action plan, and informed that Plaintiff needed to show immediate improvement. Fiorvanti also informed Plaintiff that he didn't see Plaintiff doing any better by the end of the month, and that Plaintiff "shouldn't get [her] hopes up," because he didn't "see [her] being here at the end of the month."

26. Defendant made no attempt to ensure that Plaintiff would not have to encounter or interact with Romanelli following Plaintiff's complaints against him. Instead, Plaintiff continued to be subject to discriminatory and derogatory comments from Romanelli.

27. On or about July 24, 2020, in extremely close proximity to Plaintiff's most recent complaints of gender discrimination and other violations to Defendant's management and HR, Plaintiff was abruptly terminated by Defendant for not meeting referral goals.

28. Defendant's purported reason for terminating Plaintiff is completely pretextual and false because *inter alia* (1) Plaintiff consistently worked hard for Defendant and performed her job well; (2); several other younger employees and male employees did not meet their numbers but were not disciplined or terminated for same; (3) despite subjecting Plaintiff to harassment and discrimination on the basis of her sex and age, and despite having been complained about by multiple female employees and female referral sources, Romanelli remained employed with Defendant; and (4) Plaintiff was terminated in very close proximity to raising complaints of gender discrimination.

29. Plaintiff therefore believes and avers that she was subjected to a hostile work environment based on her sex and that she was ultimately terminated in retaliation for raising complaints about sex discrimination and because of her sex and age.

## COUNT I
### Violations of Title VII
**([1] Hostile Work Environment [2] Sex Discrimination and [3] Retaliation)**

30. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

31. Throughout Plaintiff's employment with Defendant, Defendant's all male management and male co-workers subjected Plaintiff to discrimination and derogatory comments because of Plaintiff's gender and treated Plaintiff less favorably than her male counterparts.

32. For example, but not intended to be an exhaustive list: (1) Defendant's management and a male co-worker, Al Romanelli (*hereinafter* "Romanelli"), treated Plaintiff in a condescending and derogatory way, regularly speaking down to Plaintiff and other female co-workers and clients (2) Romanelli would regularly call Plaintiff and other female co-workers and clients "honey," "sweetheart," and "girl" in an extremely demeaning way; (3) Romanelli would routinely steal Plaintiff's referrals, which was condoned by male management, preventing Plaintiff from reaching goals, and opening Plaintiff up to discipline and placement on a PIP; (4) female employees were disciplined or counseled for minor things, while Romanelli and other male employees were never counseled or disciplined – despite multiple complaints from referrals sources regarding Romanelli blatantly sexist and inappropriate behavior; and (5) unlike male employees, Defendant's all male management overly scrutinized and criticized Plaintiff's work and that of other females.

33. As a result of this conduct, Plaintiff reasonably felt offended and that she was being discriminated against based on her sex.

34. As a result of the discrimination and harassment Plaintiff was subjected to based on her sex, Plaintiff complained to Defendant's management and HR, including but not limited to Fiorvanti on several occasions leading up to her termination.

35. In her complaints, Plaintiff specifically identified that she believed that she was being treated differently than her male counterparts, and that Romanelli treated her in a chauvinistic and offensive manner. Plaintiff also reported that at least two female referral sources

7

that requested that Romanelli not be their contact anymore because he was very condescending, and at least one felt very uncomfortable by his inappropriate comments.

36. Upon information and belief, Plaintiff was not the first person to raise concerns about Romanelli's treatment towards women as there are believed to be multiple other female employees and referral sources who have raised similar concerns to Defendant's management about Romanelli.

37. Defendant failed to address Plaintiff's complaints in any meaningful way and, upon information and belief, Romanelli was not disciplined or counseled for his conduct.

38. Instead of addressing Plaintiff's concerns, Fiorvanti and other members of male management placed Plaintiff on a corrective action plan, and informed that Plaintiff needed to show immediate improvement. Fiorvanti also informed Plaintiff that he didn't see [her] doing any better by the end of the month, and that Plaintiff "shouldn't get [her] hopes up," because he didn't "see [her] being here at the end of the month."

39. Defendant made no attempt to ensure that Plaintiff would not have to encounter or interact with Romanelli following Plaintiff's complaints against him. Instead, Plaintiff continued to be subject to discriminatory and derogatory comments from Romanelli.

40. On or about July 24, 2020, in extremely close proximity to Plaintiff's most recent complaints of gender discrimination and other violations to Defendant's management and HR, Plaintiff was abruptly terminated by Defendant for not meeting referral goals.

41. Defendant's purported reason for terminating Plaintiff is completely pretextual and false because *inter alia* (1) Plaintiff consistently worked hard for Defendant and performed her job well; (2); several other male employees did not meet their numbers but were not disciplined or terminated for same; (3) despite subjecting Plaintiff to harassment and discrimination on the basis

of her sex, and despite having been complained about by multiple female employees and female referral sources, Romanelli remained employed with Defendant; and (4) Plaintiff was terminated in very close proximity to raising complaints of gender discrimination.

42. Plaintiff therefore believes and avers that she was subjected to a hostile work environment and that she was ultimately terminated in retaliation for raising complaints about same and because of her sex.

43. These actions as aforesaid constitute unlawful violations under Title VII.

## COUNT II
## Violation of the Age Discrimination in Employment Act ("ADEA")
### (Age Discrimination)

44. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

45. Plaintiff is a 50-year-old female.

46. Plaintiff consistently worked hard for Defendant and performed her job well.

47. Plaintiff was subjected to discrimination and disparate treatment because of her age. For example, younger employees who performed worse than Plaintiff and who never met their referral goals, were never disciplined or placed on PIPs. Moreover, those same low-performing, younger employees still work for Defendant.

48. Additionally, Plaintiff was subjected to discriminatory, age-related statements during her employment with Defendant. For example, on several occasions, Romanelli made derogatory comments based on Plaintiff's age and indicated that Plaintiff should just quit due to her age, stating with "all of your years of experience" and "at your age, you should know a lot of people, so it shouldn't be hard for you to find another job."

49.     On or about July 24, 2020, Plaintiff was abruptly terminated by Defendant for not meeting referral goals.

50.     However, substantially younger employees who did not meet their numbers were not disciplined or terminated for same, even though their referral numbers were lower than Plaintiff's.

51.     Therefore, Plaintiff believes and avers her termination was completely pretextual and that she was really terminated because of her age.

These actions as aforesaid constitute unlawful age discrimination under the ADEA

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendant is to promulgate and adhere to a policy prohibiting discrimination in the future against any employee(s);

B.     Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C.     Plaintiff is to be awarded liquidated damages and punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D.     Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation); and

E.  Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq.
Julia W. Clark, Esq.
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated:  February 25, 2020

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Jodi Sinclair | : | CIVIL ACTION |
| v. | : | |
| Innovage Pennsylvania Life LLC | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| 2/25/2021 | _[signature]_ | | Plaintiff |
|---|---|---|---|
| **Date** | **Attorney-at-law** | | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 3359 Carroll Court, Bensalem, PA 19020

Address of Defendant: 8950 Lowry Blvd., Denver, CO 80230

Place of Accident, Incident or Transaction: Defendant's place of business

---

*RELATED CASE, IF ANY:*

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 2/25/2021   _____ / *Attorney-at-Law / Pro Se Plaintiff*   ARK2484 / 91538 *Attorney I.D. # (if applicable)*

---

**CIVIL:** *(Place a √ in one category only)*

A. *Federal Question Cases:*
- [ ] 1. Indemnity Contract, Marine Contract, and All Other Contracts
- [ ] 2. FELA
- [ ] 3. Jones Act-Personal Injury
- [ ] 4. Antitrust
- [ ] 5. Patent
- [ ] 6. Labor-Management Relations
- [X] 7. Civil Rights
- [ ] 8. Habeas Corpus
- [ ] 9. Securities Act(s) Cases
- [ ] 10. Social Security Review Cases
- [ ] 11. All other Federal Question Cases
  *(Please specify): _____*

B. *Diversity Jurisdiction Cases:*
- [ ] 1. Insurance Contract and Other Contracts
- [ ] 2. Airplane Personal Injury
- [ ] 3. Assault, Defamation
- [ ] 4. Marine Personal Injury
- [ ] 5. Motor Vehicle Personal Injury
- [ ] 6. Other Personal Injury *(Please specify):* _____
- [ ] 7. Products Liability
- [ ] 8. Products Liability – Asbestos
- [ ] 9. All other Diversity Cases
  *(Please specify): _____*

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 2/25/2021   _____ / *Attorney-at-Law / Pro Se Plaintiff*   ARK2484 / 91538 *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

JS 44  (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
SINCLAIR, JODI

**DEFENDANTS**
INNOVAGE PENNSYLVANIA LIFE LLC

**(b)** County of Residence of First Listed Plaintiff: Bucks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Denver
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | | | | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | | 368 Asbestos Personal Injury Product Liability | | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 340 Marine | | | 835 Patent - Abbreviated New Drug Application | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 350 Motor Vehicle | 370 Other Fraud | 710 Fair Labor Standards Act | **SOCIAL SECURITY** | 480 Consumer Credit |
| 190 Other Contract | 355 Motor Vehicle Product Liability | 371 Truth in Lending | 720 Labor/Management Relations | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 195 Contract Product Liability | 360 Other Personal Injury | 380 Other Personal Property Damage | 740 Railway Labor Act | 862 Black Lung (923) | 850 Securities/Commodities/Exchange |
| 196 Franchise | 362 Personal Injury - Medical Malpractice | 385 Property Damage Product Liability | 751 Family and Medical Leave Act | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| | | | | 864 SSID Title XVI | 891 Agricultural Acts |
| | | | | 865 RSI (405(g)) | 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 790 Other Labor Litigation | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | 791 Employee Retirement Income Security Act | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 230 Rent Lease & Ejectment | [X] 442 Employment | 510 Motions to Vacate Sentence | | | |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 535 Death Penalty | **IMMIGRATION** | | |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** | 462 Naturalization Application | | |
| | 448 Education | 540 Mandamus & Other | 465 Other Immigration Actions | | |
| | | 550 Civil Rights | | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII (42USC2000); ADEA (29USC621)

Brief description of cause:
Violations of Title VII, the ADEA and the PHRA.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 2/25/2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE